
FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 19 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) CRIMINAL NO. 18-4176 JB<br>) |
| vs. | ) Count 1: 18 U.S.C. § 371: Conspiracy;<br>) |
| **STERLING ISLANDS INC.,**<br>**AL-ZUNI GLOBAL JEWELRY, INC.,**<br>**JAWAD "JOE" KHALAF,**<br>**NADER KHALAF,** | ) Counts 2 and 3: 18 U.S.C. § 545:<br>) Smuggling Goods into the United States;<br>) 18 U.S.C. § 2: Aiding and Abetting.<br>) |
| **NASHAT "NASH" KHALAF,**<br>**ZAHER MOSTAFA**, and<br>**TAHA "TOM" SHAWAR,** | ) Counts 4 and 5: 18 U.S.C. § 1159:<br>) Misrepresentation of Indian Produced<br>) Goods and Products; 18 U.S.C. § 2:<br>) Aiding and Abetting. |
| Defendants. | ) |

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

1. **STERLING ISLANDS INC.** (hereinafter, "**STERLING ISLANDS**") is a registered corporation in the Commonwealth of Virginia. The primary business office for **STERLING ISLANDS** is located in Albuquerque, New Mexico. **STERLING ISLANDS** has imported Native American-style jewelry, arts, and crafts into the United States from a factory in the Republic of the Philippines and sold such jewelry, arts, and crafts to various wholesale and retail businesses in New Mexico and elsewhere. **JAWAD KHALAF** is the owner and president of **STERLING ISLANDS**. **NADER KHALAF** is a manager of **STERLING ISLANDS**.

2. **AL-ZUNI GLOBAL JEWELRY, INC.** (hereinafter, "**AL-ZUNI**") is a registered corporation in the State of New Mexico. **AL-ZUNI GLOBAL** operates as a

wholesale business in Gallup, New Mexico, specializing in Native-American style jewelry, arts, and crafts. **NASHAT KHALAF** is the owner and president of **AL-ZUNI GLOBAL**. **ZAHER MOSTAFA** (hereinafter, "**MOSTAFA**") is vice president.

3. **TAHA SHAWAR** (hereinafter, "**SHAWAR**") is an owner of Bullion Jewelers, Inc., a retail store in Breckenridge, Colorado, specializing in the sale of Native American-style jewelry.

4. As more fully described below, **STERLING ISLANDS, AL-ZUNI-GLOBAL, JAWAD KHALAF, NASHAT KHALAF, NADER KHALAF, MOSTAFA,** and **SHAWAR**, have imported Native American-style jewelry, arts, and crafts into the United States from the Philippines without indelible markings, as required by law, and sold this merchandise to customers based on false representations that is was made by Native Americans.

## Count 1

5. From at least as early as 2009 to October 2015, in Bernalillo and McKinley Counties, in the District of New Mexico, and elsewhere, the defendants, **STERLING ISLANDS, AL-ZUNI-GLOBAL, JAWAD KHALAF, NADER KHALAF, NASHAT KHALAF, MOSTAFA,** and **SHAWAR**, knowingly, unlawfully, and willfully combined, conspired, confederated, agreed, and acted interdependently with one another and with others known and unknown to the Grand Jury to commit the offenses of smuggling goods into the United States, contrary to 18 U.S.C. § 545, and violating the Indian Arts and Crafts Act, contrary to 18 U.S.C. § 1159.

## Manner and Means

6. The manner and means by which **STERLING ISLANDS, AL-ZUNI-GLOBAL, JAWAD KHALAF, NADER KHALAF, NASHAT KHALAF, MOSTAFA,** and **SHAWAR**

sought to accomplish the objectives of the conspiracy included, among other things, the following:

a. Operating **STERLING ISLANDS** as an import and wholesale distribution business that purchased and received large shipments of Native American-style jewelry, arts, and crafts from a manufacturer in the Philippines, known as Fashion Accessories 4 U.

b. Operating **AL-ZUNI GLOBAL** as a recipient and wholesale distributor of large quantities of imported Native American-style jewelry, arts, and crafts manufactured by Fashion Accessories 4 U.

c. Accepting orders from customers to copy and reproduce jewelry, arts, and crafts made by Indian artists.

d. Receiving shipments of Native American-style jewelry, arts, and crafts from the Philippines without permanent markings on the merchandise indicating their country of origin.

e. Selling Native American-style jewelry, arts, and crafts to various wholesale and retail customers in New Mexico and elsewhere.

f. Providing wholesale customers with Native American-style jewelry, arts, and crafts with removable stickers indicating the items were made in the Philippines, but not indelible markings indicating their country of origin.

g. Deceiving retail customers by misrepresenting Native American-style jewelry, arts, and crafts imported from the Philippines as made by Native Americans in the United States.

h. Receiving millions of dollars in revenue from the sale of Native American-style jewelry, arts, and crafts imported from the Philippines.

Overt Acts

7. In furtherance of the conspiracy, and to effect the objects thereof, the defendants, and others known and unknown to the grand jury, committed and caused to be committed the following acts, among others, in the District of New Mexico, and elsewhere:

8. On or about August 30, 2009, **SHAWAR** signed a check from Bullion Jewelers to **JAWAD KHALAF** in the amount of $10,000.

9. On or about March 16, 2012, **SHAWAR** sent an email message to **NADER KHALAF** at **STERLING ISLANDS** about an order of jewelry. **SHAWAR** asked **NADER KHALAF**, "If I send you some samples do you think you could make them for us in the Philippines?" **SHAWAR** told **NADER KHALAF**, "I don't want the guy I get them from to freak" because "they are 'his designs.'"

10. On or about May 29, 2012, **STERLING ISLANDS** received a shipment of Native American-style jewelry from Fashion Accessories 4 U in the Philippines. This shipment included silver bracelets engraved with the letters "CR." These bracelets did not have any indelible markings indicating their country of origin.

11. On or about July 30, 2012, **STERLING ISLANDS** received a shipment of Native American-style jewelry from Fashion Accessories 4 U. This shipment included a pendant and ring inside of packaging labeled "Al-Zuni Sample." This pendant and ring did not have any indelible markings indicating their country of origin.

12. On or about August 3, 2012, **MOSTAFA** sent a note to **NADER KHALAF** about an order for **AL-ZUNI GLOBAL**. **MOSTAFA** requested, in sum and substance, that **NADER KHALAF** ask "Uncle Joe" to make some silver canteens.

4

13. On or about August 3, 2012, **NADER KHALAF** sent an email to Fashion Accessories 4 U. **NADER KHALAF** attached a photograph showing three Native American-style canteens and the note from **MOSTAFA** requesting production of canteens.

14. On or about September 10, 2012, **STERLING ISLANDS** received a shipment of approximately sixty Native American-style canteens from Fashion Accessories 4 U without indelible markings on the canteens indicating their country of origin.

15. On or about October 13, 2012, **NADER KHALAF** sent an email message to Fashion Accessories 4 U. **NADER KHALAF** attached photographs to the email for **JAWAD KHALAF**.

16. On or about July 23, 2013, **SHAWAR** sent an email message to **NADER KHALAF** about an order of jewelry. **SHAWAR** asked **NADER KHALAF** to "make sure they ship the item with the letters E.Y."

17. On or about July 23, 2013, **NADER KHALAF** sent an email message to Fashion Accessories 4 U. In this message, **NADER KHALAF** stated "please make but be sure to make initials E.Y. Not urgent, just send with next shipment."

18. On June 6, 2014, **NASHAT KHALAF** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $96,607.

19. On or about August 5, 2014, **SHAWAR** displayed imported, Indian-style necklaces, rings, and bracelets for sale at Bullion Jewelers.

20. On or about August 5, 2014, **SHAWAR** sold a necklace to undercover investigators posing as customers in Breckenridge, Colorado. The letters "E.Y" were engraved on the necklace, which was not permanently or indelibly marked as made in the Philippines.

**SHAWAR** falsely stated to the customer, in sum and substance, that "Edison Yazzie," a Navajo artist, made the necklace in the United States.

21. On August 5, 2014, **SHAWAR** sold a bracelet to undercover investigators posing as customers in Breckenridge, Colorado. The bracelet that was not permanently or indelibly marked as made in the Philippines. **SHAWAR** falsely stated to the customer, in sum and substance, that a Zuni artist made the bracelet in the United States.

22. On August 29, 2014, **NASHAT KHALAF** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $48,940.

23. On August 22, 2014, **NASHAT KHALAF** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $70,219.

24. On November 24, 2014, **AL-ZUNI GLOBAL** displayed miniature, Navajo-style canteens for sale at **AL-ZUNI GLOBAL's** shop in Gallup, New Mexico. These canteens were made in the Philippines, but not permanently or indelibly marked with their country of origin.

25. On November 24, 2014, **MOSTAFA** sold four miniature canteens to a customer of **AL-ZUNI GLOBAL**. **MOSTAFA** falsely stated to the customer, in sum and substance, that a Navajo made the canteens. However, the canteens were actually made in the Philippines.

26. On January 22, 2015, **NASHAT KHALAF** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $54,275.

27. On February 12, 2015, **NASHAT KHALAF** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $90,000.

28. On July 15, 2015, **NASHAT KHALAF** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $58,166.

29. On August 1, 2015, **NASHAT KHALAF** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $62,770.

30. On or about October 2, 2015, **MOSTAFA** signed a check from **AL-ZUNI GLOBAL** to **STERLING ISLANDS** payable in the amount of $62,770.

31. On or about October 28, 2015, **NASHAT KHALAF** attempted to mislead law enforcement by falsely stating to federal agents that the designs for imported canteens on display at **AL-ZUNI GLOBAL** came from "jewelry books."

In violation of 18 U.S.C. § 371.

## Count 2

32. From on or about August 30, 2009, to on or about October 28, 2015, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **STERLING ISLANDS**, **JAWAD KHALAF**, and **NADER KHALAF**, did willfully, fraudulently, and knowingly import and bring into the United States certain merchandise, that is Native American-style jewelry, arts, and crafts, contrary to law, in that the merchandise was not indelibly marked with the country of origin by cutting, die-sinking, engraving, stamping, and some other permanent method.

In violation of 18 U.S.C. § 545 and 18 U.S.C. § 2 and 19 C.F.R. § 134.43.

## Count 3

33. From on or about August 3, 2012, to on or about October 28, 2015, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **AL-ZUNI GLOBAL**, **NASHAT KHALAF**, and **ZAHER MOSTAFA**, did willfully, fraudulently, and knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise imported contrary to law, that is Native American-style jewelry, arts, and crafts, after the importation thereof, the defendants then knowing that said merchandise had been imported and

brought into the United States contrary to law, in that the merchandise was not indelibly marked with the country of origin by cutting, die-sinking, engraving, stamping, and some other permanent method.

In violation of 18 U.S.C. § 545 and 18 U.S.C. § 2 and 19 C.F.R. § 134.43.

## Count 4

34. On or about November 24, 2014, in McKinley County, in the District of New Mexico, and elsewhere, the defendants, **STERLING ISLANDS, AL-ZUNI GLOBAL, JAWAD KHALAF, NADER KHALAF, NASHAT KHALAF,** and **MOSTAFA**, did knowingly display and offer for sale, and did sell, goods, specifically: Native American-style jewelry, arts, and crafts, in a manner that suggested that the goods were Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, resident within the United States, when in truth and in fact, as defendants there and then well knew and believed, the goods were not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

In violation of 18 U.S.C. § 1159 and 18 U.S.C. § 2.

## Count 5

35. On or about October 28, 2015, in McKinley County, in the District of New Mexico, and elsewhere, the defendants, **STERLING ISLANDS, AL-ZUNI GLOBAL, JAWAD KHALAF, NADER KHALAF, NASHAT KHALAF,** and **MOSTAFA**, did knowingly display and offer for sale, and did sell for $1000 and more, a good, specifically: Native American-style jewelry, arts, and crafts, in a manner that suggested that the goods were Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, resident within the United States, when in truth and in fact, as defendants there and then well

knew and believed, the goods were not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

In violation of 18 U.S.C. § 1159 and 18 U.S.C. § 2.

## **FORFEITURE ALLEGATION**

Counts 1 through 5 of this indictment are incorporated as part of this section of the indictment as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 545, 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461.

Upon conviction of any offense in violation of 18 U.S.C. § 371, the defendants, **STERLING ISLANDS INC., AL-ZUNI GLOBAL JEWELRY, INC., JAWAD "JOE" KHALAF, NADER KHALAF, NASHAT "NASH" KHALAF, ZAHER MOSTAFA**, and **TAHA "TOM" SHAWAR**, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted.

Upon conviction of any offense in violation of 18 U.S.C. § 545, the defendants, **STERLING ISLANDS, JAWAD KHALAF, NADER KHALAF, AL-ZUNI GLOBAL, NASHAT KHALAF**, and **ZAHER MOSTAFA** shall forfeit to the United States pursuant to 18 U.S.C. § 545, 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461 any: 1) merchandise, or the value thereof, introduced into the United States in violation of 18 U.S.C. § 545, or; 2) property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendant is convicted.

The property to be forfeited to the United States includes, but is not limited to, the following:

1. MONEY JUDGMENT

A sum of money representing the amount of money constituting or derived from proceeds of the offense.

2. PERSONAL PROPERTY

a. Any and all merchandise, or the value thereof, introduced into the United States in violation of 18 U.S.C. § 545.

3. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence,

b. has been transferred or sold to, or deposited with, a third party,

c. has been placed beyond the jurisdiction of the Court,

d. has been substantially diminished in value, or

e. has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

_____/s/_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

12/17/2018 7:36 AM