IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         No. CR 18-4176 JB

STERLING ISLANDS, INC.,
AL-ZUNI GLOBAL JEWELRY, INC.,
JAWAD "JOE" KHALAF,
NADER KHALAF,
NASHAT "NASH" KHALAF,
ZAHER MOSTAFA, and
TAHA "TOM" SHAWAR,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT OPPOSED
RULE 12(b) MOTION TO DISMISS COUNT I OF THE INDICTMENT**

**INTRODUCTION**

The government's Response provides the legal basis for the dismissal of the Conspiracy count in this case. As the government correctly points out, conspiracy requires "a shared single criminal objective, not just similar or parallel objectives between similarly situated people." Response [Doc. 59] at 6 (quoting *United States v. Leal*, 330 F.Supp.3d 1257, 1272 (D.N.M. 2018) (Browning, J.)(quoting *United States v. Small*, 423 F.3d 1164,1182-83 (10th Cir. 2005)). The government has failed to allege this crucial element in either the Indictment or the discovery in this matter.[1]

---

[1] The government acknowledges that, when faced with a Rule 12(b) motion to dismiss such as this, the Court may rule on the motion by reference to facts outside the indictment, so long as the government doesn't object. *See* Response [Doc. 59], at 5-6 (quoting *United States v. Olivas-Perea*, 297 F. Supp. 3d 1191, 1203 (D.N.M. 2017) (Browning, J.)). However, even if this Court,

# ARGUMENT

As similarly discussed in the Reply to Defendants' other Motion to Dismiss, [Doc. 64], the government relies on its mere recitation of the statutory language to declare it has adequately plead a crime - here, conspiracy. *See* [Doc. 59] at 2-3. However, conclusory allegations, without specific facts showing an agreement, do not suffice to state an offense for conspiracy. *Cf. Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012) (Browning, J.) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)) (discussing conspiracy under § 1983). Even if the allegations in the Indictment are taken as true, as the government asserts, they do not evidence a "shared criminal objective" between all of the defendants charged.

Specifically, the Indictment does not allege any facts establishing a connection between Defendant Shawar and the Al-Zuni Global Defendants. The government does not even attempt to make a connection in its Response, other than to argue that they are both purchasers of goods from Sterling Islands, Doc. 59 at 7, and that they "share[d] the profits from the sales of jewelry." *Id.* at 8. In attempting to counter Defendants' correct assertion that Defendants' actions did not depend on actions of the others, the government avoids the point by responding that "a member of a conspiracy does not need to know all the other details and members of the conspiracy." Doc. 59 at 8. Whether each member knows the others is not the same question as whether the indictment sufficiently alleges the required interdependence and a shared criminal objective.

In the face of this lack of connection between the Al-Zuni Global Defendants and Defendant Shawar, the government has creatively combined unrelated facts into single sentences

---

*arguendo*, stays within the four corners of the Indictment, Defendants prevail due to a lack of its sufficiency.

in its Response, to paint the illusion of interdependence. For example, in describing Jawad Kalaf's (and Sterling's) actions, the government asserts, "He received payment from Taha Shawar, a retailer, and took an order for the silver canteens." Doc. 59 at 9. However, the alleged canteen purchase in this matter had to do with the Al-Zuni Global Defendants, and nothing to do with Taha Shawar. It is not accidental that the government chose to combine these two unrelated facts. The government chose these unrelated facts because there are no related facts upon which to rely. Again, in the last sentence of that paragraph, *id.*, the government asserts that "Zaher Mostafa, vice president of Al-Zuni Global, and Shawar made false representations….," as if those two allegations were connected, as if those two defendants somehow jointly made the supposed false representations, and as if those two incidents were not the completely separate and unique allegations that they are. Just because the government uses creative sentence structure and concludes that the defendants "acted interpedently," *id.* at 10, does not make it so.

"[A] single conspiracy does not exist solely because many individuals deal with a common central player; they must be interconnected in some way." *United States v. Evans*, 970 F.2d 663, 670 (10th Cir. 1992). This Court's analysis in *United States v. Leal* examined an identical situation to the one before it now – distinct transactions with only a common player and no interdependence, showing neither a "chain" nor "wagon wheel", nor any conspiracy. As this Court explained:

> To begin, the Court concludes that there is no evidence that the members of the Tapia Deal and the Carmona Deal entered into a simple conspiracy with each other. ***Leal is the only common member of those deals***. The Tapia Deal and the Carmona Deal may, nonetheless, be part of one conspiracy if they are part of a chain or wagon wheel conspiracy.
>
> The Tapia Deal and the Carmona Deal are not part of one chain conspiracy. In a chain conspiracy, "'there is successive communication and cooperation in much the same way as with legitimate business operations between manufacturer and wholesaler, then wholesaler and retailer, and then retailer and consumer.'" United

3

States v. Evans, 970 F.2d at 668 (quoting Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* § 6.5, at 551 (2d ed. 1986))). ***The Tapia Deal and the Carmona Deal did not involve successive communication or cooperation between the players resembling a legitimate business' supply chain; rather, the Tapia Deal and the Carmona Deal are discrete and parallel transactions where two different sets of people sold methamphetamine to the CI and the undercover ATF***.

The Tapia Deal and the Carmona Deal are also not part of a single wagon wheel conspiracy. An agreement with someone as the hub and others as spokes becomes a wagon wheel <u>conspiracy</u> only when all the "spokes are enclosed by a *rim*." <u>United States v. Evans</u>, 970 F.2d 663, 670-71 (10th Cir. 1992)(emphasis in original). ***Rim enclosure means that the co-conspirators share a "single criminal objective, not just similar or parallel objectives between similarly situated people."*** <u>United States v. Evans</u>, 970 F.2d at 670. Thus, the co-conspirators must be interdependent in some way, such that "the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole," <u>United States v. Horn</u>, 946 F.2d 738, 740-41 (10th Cir. 1991), even if not all the co-conspirators transact with or even know each other, <u>see</u> <u>United States v. Daily</u>, 921 F.2d 994, 1007 (10th Cir. 1990)("[O]f principal concern is whether the activities of alleged co-conspirators in one aspect of the charged scheme were necessary or advantageous to the success of the activities of co-conspirators in another aspect of the charged scheme, or the success of the venture as a whole.").

***The Tapia Deal and the Carmona Deal are not part of one wagon wheel conspiracy, because they are not interdependent. Although they involve similarly situated individuals—methamphetamine sellers and buyers—pursuing similar objectives—distribution of methamphetamine—the evidence indicates that the success of one deal does not depend on the success of the other.***

330 F.Supp.3d at 1278-79 (emphasis added), *affirmed*, 921 F.3d 951 (10th Cir. 2019). As discussed at length in Defendants' brief in chief, all that has been alleged in the Indictment here is a non-exclusive buyer/seller relationship between Sterling Islands and Al-Zuni Global, and between Sterling Islands and Mr. Shawar. These are parallel relationships, not interdependent ones. They no more create a conspiracy between all of the individuals than the one this Court examined in *Leal*.

**CONCLUSION**

The Indictment fails to sufficiently allege the factual basis for the elements of conspiracy required under 18 U.S.C. § 371. The Indictment, therefore, fails to allege an offense against Defendants under § 371. The Court properly should dismiss, under Rule 12(b), Count 1.

Respectfully submitted,

FREEDMAN, BOYD, HOLLANDER, GOLDBERG,
URIAS & WARD, P.A.

By    */s/ Nancy Hollander*
    John Boyd
    Nancy Hollander
P.O. Box 25326
Albuquerque, New Mexico 87125-0326
Telephone: 505.842.9960
Facsimile: 505.842.0761
Email: jwb@fbdlaw.com
      nh@fbdlaw.com

HOPE ECKERT, ATTORNEY AT LAW, LLC


By  */s/ Hope Eckert*
    Hope Eckert
500 Marquette, NW, Suite 1200
Albuquerque, NM 87102
Telephone: (505) 480-8580
Email: heckert@swcp.com

*Attorneys for Defendants Nashat Khalaf and Al-Zuni Global Jewelry, Inc.*


RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By    */s/ Matthew M. Beck*
    Matthew M. Beck
P.O. Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900

Facsimile: (505) 768-7395
Email: mbeck@rodey.com

*Attorneys for Defendant Zaher Mostafa*


PEIFER, HANSON & MULLINS, P.A.

By  */s/ Mark T. Baker*
       Mark T. Baker
       Carter B. Harrison IV
P.O. Box 25245
Albuquerque, New Mexico 87125
Telephone: (505) 247-4800
Facsimile: (505) 243-6458
Email: mbaker@peiferlaw.com
       charrison@peiferlaw.com

*Attorneys for Defendants Sterling Islands, Inc., and Jawad Khalaf*


--and--


AHMAD ASSED & ASSOCIATES

By  */s/ Ahmad Assed*
       Ahmad Assed
       Richard Moran
818 5th Street NW
Albuquerque, New Mexico 87102
Telephone: 505-246-8373
Facsimile: 505-246-2930
Email: ahmad@assedlaw.com
       richard@assedlaw.com

*Attorneys for Defendant Nader Khalaf*

CERTIFICATE OF SERVICE

      I hereby certify that on June 19, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

      HOPE ECKERT, ATTORNEY AT LAW, LLC

      By  */s/ Hope Eckert*
           Hope Eckert